CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

SEP 24 2012

JULIA [signature] CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:95cr00017 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| DERRICK A. JOHNSON | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by Derrick Johnson, a federal inmate proceeding *pro se*, claiming that his "sentence under the Career Offender Statute is now unconstitutional as his prior convictions used to enhance his sentence no longer qualify." The court finds the motion to be unauthorized and successive, and dismisses it for lack of jurisdiction.

I.

In March of 1995, Johnson was indicted for his participation in a conspiracy to possess and distribute crack cocaine, and for possession with intent to distribute crack cocaine. On October 19, 1995, Johnson was found guilty by a jury of his peers. The court sentenced Johnson to 360 months' imprisonment and 120 months of supervised release. Johnson appealed, and the Fourth Circuit affirmed his conviction in an unpublished decision handed down on June 30, 1997. <u>United States v. Walker</u>, 116 F.3d 1474 (4th Cir. 1997) (table decision). In December of 1998, Johnson filed in this court a motion for relief under 28 U.S.C. § 2255 and requested an evidentiary hearing on the motion. After conducting an evidentiary hearing, the court made findings of fact and concluded as a matter of law that Johnson was not entitled to relief. Johnson appealed the court's ruling, and the Court of Appeals dismissed Johnson's appeal.

## II.

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to § 2255, in the court where he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains certification from the Court of Appeals to pursue a second § 2255 motion. 28 U.S.C. § 2255(h). The Court of Appeals may certify a successive § 2255 motion for consideration by the district court if its claims are based on (1) newly discovered evidence or (2) a "new rule of constitutional law" decided by the Supreme Court and made retroactive to cases on collateral review. § 2255(h). In any event, a successive motion, unlike an initial motion raising retroactivity, see, e.g., United States v. Thomas, 627 F.3d 534 (4th Cir. 2010), must be certified by the Court of Appeals in order for the district court to consider it. Whatever the merits of Johnson's motion here, because it is successive and Johnson has not obtained the requisite Court of Appeals certification, the court is constrained to dismiss it.[1]

---

[1] Johnson is hereby advised of the procedure for obtaining certification to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge-panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244(b). A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main St., Suite 501, Richmond, VA 23219.

## III.

Johnson's § 2255 motion is successive. Successive motions must first go to the Court of Appeals. Accordingly, the court dismisses Johnson's motion for lack of jurisdiction.

**ENTER:** September 24, 2012.

_____
UNITED STATES DISTRICT JUDGE